RECEIVED
JAN 23 2019
BY:
WOODWARD COUNTY, OKLAHOMA

**IN THE DISTRICT COURT OF WOODWARD COUNTY**
**STATE OF OKLAHOMA**

FILED
JAN 17 2019
DISTRICT COURT
TAMMY ROBERTS, COURT CLERK
BY_____DEPUTY

| | |
|---|---|
| LAGINA HEIFNER and DICK HEIFNER, Individually, and as Husband and Wife, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. CJ-2019-17 |
| JASON KOONCE, Individually and KOONCE TRUCKING, LLC, a foreign limited liability corporation. | ) ) ) ) ) |
| Defendants. | ) |

## PETITION

**COMES NOW**, Plaintiffs, Lagina Heifner (hereinafter "Lagina") and Dick Heifner (hereinafter "Dick") (collectively referred to as "Plaintiffs"), by and through their attorney of record, Kayla R. Petsch of Parrish DeVaughn, PLLC, and for their cause of action against Defendants, Jason Koonce and Koonce Trucking, LLC (collectively referred to as "Defendants"), alleges and state as follows:

### PARTIES AND JURISDICTION

1. Plaintiffs are residents of the Town of Mooreland, Woodward County, Oklahoma.

2. To the best of Plaintiffs' knowledge, Defendant Jason Koonce is a resident of the City of Camden, Ouachita County, Arkansas.

3. Defendant Koonce Trucking, LLC is a foreign limited liability corporation with its principal place of business located at 478 Ouachita 54, Camden, Arkansas 71701, and can be served in care of Defendant's registered agent, Jason Koonce, located at 478 Ouachita 54, Camden, Arkansas 71701, or wherever they can be found.

4. The instant accident occurred on July 19, 2018, near Mooreland, Oklahoma.

5. Venue is proper in Woodward County, State of Oklahoma, and the Court has jurisdiction over the parties.

## CAUSES OF ACTION FOR NEGLIGENCE

6. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation heretofore pleaded.

7. Dick was traveling east on US 412 in a farm tractor with an attached flatbed trailer.

8. Lagina was traveling behind Dick in her vehicle with her hazard lights on to warn people of the tractor ahead of them.

9. Defendant Jason Koonce was also traveling east on US 412 in a large semi-truck.

10. Defendant Jason Koonce struck the rear of Lagina Heifner's vehicle at a high speed.

11. As a result, Lagina's vehicle made contact with Dick's trailer before coming to rest.

12. Lagina's vehicle was totaled and the flat bed trailer being pulled by Dick sustained damage.

13. Defendant failed to give due attention to the roadway and surrounding areas, and violated his duty to operate his motor vehicle in a safe and prudent manner.

14. Due to the impact with Plaintiffs' vehicle, Lagina Heifner suffered life-threatening injuries.

15. Plaintiff Dick Heifner also sustained bodily injuries.

16. At all times, Defendant Jason Koonce was an agent of Defendant Koonce Trucking, LLC, and was acting within the scope of his agency at the time of the wreck.

17. At all times, Defendant Jason Koonce was an employee of Defendant Koonce Trucking, LLC, and was acting within the scope of his employment at the time of the wreck.

18. At all times, Defendant Jason Koonce was working in a joint venture with Defendant Koonce Trucking, LLC, at the time of the wreck.

19. At all times pertinent, Defendant Koonce Trucking, LLC, is vicariously liable for Defendant Jason Koonce's negligence under respondent superior.

20. At the time of the collision, Defendant Koonce Trucking, LLC, violated the duty to ensure that its agents, servants, and/or employees were properly trained as drivers, as well as supervise and monitor their agents, for the safety of Plaintiffs and others, both before and at the time of the collision.

21. The injuries and damages sustained by Plaintiffs were produced in a natural and continuous sequence from Defendants' recklessness and violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiffs.

22. The injuries and damages sustained by Plaintiffs were a probable consequence from Defendants' violation of one or more of the above described independent duties of ordinary care for the safety of Plaintiffs.

23. Defendants should have foreseen and anticipated that a violation of one or more of the above described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiffs.

24. If Defendants had not violated one or more of the above described independent duties to use ordinary care for the safety of Plaintiffs, then Plaintiffs' injuries and damages would not have occurred.

25. The injuries and damages sustained by Plaintiffs as a result of Defendants' violations of one or more of the above described safety rules, include but are not limited to the following:

    a. Plaintiffs' physical pain and suffering, past and future;

    b. Plaintiffs' mental pain and suffering, past and future;

    c.    Plaintiffs' age;

    d.    Plaintiffs' physical condition immediately before and after the accident;

    e.    The nature and extent of Plaintiffs' injuries;

    f.    Whether the injuries are permanent;

    g.    The physical impairment;

    h.    The disfigurement;

    i.    Loss of earnings/time;

    j.    Impairment of earning capacity;

    k.    The reasonable expenses of the necessary medical care, treatment, and services, past and future;

    l.    Loss of consortium;

    m.    Property damage.

## CAUSE OF ACTION FOR LOSS OF CONSORTIUM

26. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation heretofore pleaded.

27. At the time of the accident, Plaintiffs were married and the Plaintiffs continue to be married.

28. As a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, and assistance, all to the detriment of their marital relationship.

## CAUSE OF ACTION FOR MENTAL ANGUISH AND EMOTIONAL DISTRESS

29. Plaintiffs repeat, reallege, and incorporate by reference herein each and every allegation heretofore pleaded.

30. Lagina was catastrophically injured and was taken by ambulance from the scene.

31. This caused Dick to suffer emotional distress and mental anguish to see his wife barely hanging on to life.

32. Further, the catastrophic nature of the accident caused and continues to cause Lagina to undergo emotional trauma.

33. Plaintiffs were direct victims who suffered direct harm as a result of Defendants' conduct outlined above.

34. As a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future mental anguish and emotional distress, physical discomfort and inconvenience, physical illness and/or injury, medical expenses, and loss of earnings as a result of Defendants' conduct.

35. Pursuant to the provisions of 12 O.S. § 3226(A)(2)(a), Plaintiffs submit this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiffs advise that all damages recoverable by law are sought, including those listed in OUJI-Civil § 4.1 and § 4.6. Plaintiffs advise that under OUJI-Civil §4.1(K), Lagina's medical bills to date are in the approximate amount of $1,053,010.07. Dick's medical bills to date are currently unknown. At this point, Plaintiffs do not know the amount of future medical expenses. Plaintiffs are still receiving medical care. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiffs. Other than the amounts that Plaintiffs have specifically identified, and that are capable of being ascertained to some degree of certainty, Plaintiffs are unable to guess or speculate as to what amount of damages a jury might award.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in excess of $75,000.00, plus costs, interest, and any such other relief as the Court deems appropriate against Defendants in an amount to fully and fairly compensate Plaintiffs for each and every element of damages that Plaintiffs have suffered, including punitive damages.

Respectfully submitted,

_____
Murry J. Parrish, OBA #15948
Forest L. Pepper DeVaughn, OBA #18693
Kayla R. Petsch, OBA #33039
PARRISH DEVAUGHN, PLLC
7 Mickey Mantle, Second Floor
Oklahoma City, OK 73104
405-999-9000
405-232-0058 (f)
kayla@parrishdevaughn.com
*Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**